**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LINDA TAYLOR,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

1:18-cv-11534-NLH

**OPINION**

**APPEARANCES:**

LINDA TAYLOR
1021 SPRUCE STREET
CAMDEN, NJ 08103

    *Plaintiff appearing pro se*

KATIE M. GAUGHAN
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

    *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[1] and Supplemental Security Income

---

[1] DIB is a program under the Social Security Act to provide disability benefits when a claimant with a sufficient number of

("SSI")[2] under Title II and Title XVI of the Social Security Act. 42 U.S.C. § 401, et seq. One issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, July 21, 2009. Plaintiff has also asserted claims that the Social Security Administration, two administrative law judges, and a vocational expert discriminated against her because of her race.

For the reasons stated below, the Court will afford Plaintiff leave to file an amended complaint regarding her claims of race discrimination, and stay the resolution of Plaintiff's disability claim until the Court has reviewed Plaintiff's amended complaint.

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 12, 2014, Plaintiff, Linda Taylor, protectively filed an application for SSI and DIB,[3] alleging that she became

---

quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months. 42 U.S.C. § 423 et seq.

[2] Supplemental Security Income is a program under the Social Security Act that provides supplemental security income to individuals who have attained age 65, or are blind or disabled. 42 U.S.C. § 1381 et seq.

[3] A protective filing date marks the time when a disability applicant made a written statement of his or her intent to file for benefits. That date may be earlier than the date of the formal application and may provide additional benefits to the

2

disabled as of July 21, 2009.  Plaintiff claims that she can no longer work at her previous jobs as a garment sorter and a hotel housekeeper because she suffers from numerous impairments, including left shoulder degenerative joint disease, degenerative disc disease, Sjogren's syndrome,[4] depression, anxiety, and post-traumatic stress disorder.

After Plaintiff's initial claim was denied on December 23, 2014, and upon reconsideration on April 23, 2015, Plaintiff requested a hearing before an ALJ, which was held on August 11, 2017.  On September 13, 2017, the ALJ issued an unfavorable decision.  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on May 5, 2018, making the ALJ's September 13, 2017 decision final.

Plaintiff states that she filed a previous claim for SSI and DIB in Florida on December 7, 2009, claiming the same alleged disability onset date of July 21, 2009.  (Docket No. 15 at 2.)  That application was denied initially on February 8, 2010, and a hearing before an ALJ was held on June 3, 2010.  (Id.)  It is unclear what occurred after that date, but it is

---

claimant.  See SSA Handbook 1507; SSR 72-8.

[4] Sjögren's is a systemic autoimmune disease that affects the entire body.  Along with symptoms of extensive dryness, other serious complications include profound fatigue, chronic pain, major organ involvement, neuropathies and lymphomas.  See https://www.sjogrens.org/.

3

evident that Plaintiff's application was ultimately denied.

Plaintiff claims that the ALJ erred in various ways when he denied the claim she filed in New Jersey, and she also argues that she was not treated fairly by the SSA during her first disability claim in Florida. Plaintiff further argues that the SSA does not treat people equally and she was discriminated against because of her race. Plaintiff contends, "SSA [has] broken the laws on a regular bas[is]," and "SSA officials have been stalking her, harassing her, and recording her." (Docket No. 15 at 3.)

## II. DISCUSSION

In addition to Plaintiff's appeal of the denial of her SSI and DIB claim advanced pursuant 42 U.S.C. § 405(g), the Court recognizes that Plaintiff may also intend to assert a stand-alone race discrimination claim against the SSA in addition to her appeal of the denial of her disability claim. The law may allow Plaintiff to lodge such a claim against the SSA, which is independent of any claims arising under § 405(g). See Penner v. Schweiker, 701 F.2d 256, 260 (3d Cir. 1983) (explaining that § 405(g) did not act as a bar to the resolution of constitutional questions raised by the claimant when seeking review of the Secretary's decision because "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the

4

decision of such questions," and finding that "judicial review was proper where the Secretary's decision to deny or discontinue social security benefits is challenged on constitutional grounds notwithstanding the absence of a prior administrative hearing"). The Court will therefore assess Plaintiff's race discrimination claim before considering the substance of her denial of benefits appeal because that claim could potentially impact her appeal.

In her complaint, in addition to the SSA, Plaintiff names as defendants the two administrative law judges who handled both of her disability claims, and the vocational expert who testified at the hearing for her second disability claim. (Docket No. 1 at 1, 2.) Plaintiff's allegations are as follows verbatim:

> I believe my claim/case was not approved due to ineffect counsel, social security abuse its powers of authority. Also I believe treated and handle on a discrimination/bias level. Also I believe in my files there are false statements information on medical records and other documents are missing from my file. Social Security Rules of Laws does not apply equal with peoples that has the same disabilities of medical conditions. Also what testify to the judge change it in to his own words.

(Id. at 4.).

The Court is obligated to screen the sufficiency of Plaintiff's claims because she is proceeding without prepayment of fees ("in forma pauperis" or "IFP").[5]  Under the screening

---

[5] Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a

5

provisions of the IFP statute, a federal court is required to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit.").  Pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel . . . .").

    Plaintiff's complaint regarding her allegations of race

---

proper IFP application.  The Court granted Plaintiff's IFP application.  (Docket No. 4.)  Although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications.  Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted).

6

discrimination and bias against the SSA, the ALJs, and the VE is deficient in several ways.  The complaint fails to: (1) state the jurisdictional basis for her claims, (2) state the legal basis for her claims,[6] and (3) provide any facts to suggest the

---

[6] Cf. Cassell v. The Social Security ADM., 677 F. App'x 98 (3d Cir. 2017), where the plaintiff, proceeding IFP, sought $30 million in damages because of the denial of Social Security benefits.  The plaintiff alleged that the SSA misdiagnosed him as mentally retarded, subsequently discontinued his benefits, violated his human rights, and tortured him.  The District Court granted the plaintiff IFP status, noted that Plaintiff was not seeking review of the denial of his disability claim under 42 U.S.C. § 405(g), and dismissed the complaint pursuant to 28 U.S.C. § 1915(e).  The Third Circuit affirmed:

> We agree with the District Court that the United States enjoys sovereign immunity and may not be sued without its consent.  See United States v. Mitchell, 463 U.S. 206, 212 (1983).  To the extent that Cassell sought to bring an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), such an action cannot be maintained against a federal agency.  See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Additionally, the District Court correctly determined that, to the extent the complaint sought damages under the Federal Tort Claims Act ("FTCA") for injuries sustained as a result of the SSA's decision, the agency was not subject to suit under the FTCA.  See 42 U.S.C. § 405(h) (providing that 42 U.S.C. § 405(g) is the only remedy for a party seeking review of a decision under the Medicare Act denying a monetary benefit); see also Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000).  The District Court also reasonably concluded that Cassell did not seek judicial review under 42 U.S.C. § 405(g).

Cassell, 677 F. App'x at 99; see also Raffinee v. Commissioner of Social Sec., 367 F. App'x 379, 381 (3d Cir. 2010) (citing Butz v. Economou, 438 U.S. 478, 514 (1978)) (explaining that an ALJ enjoys absolute immunity from the plaintiff's suit for damages because her claims are based on actions he took in his official capacity); Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain

7

plausibility of her claims.[7]

Third Circuit case law, however, "supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Although Plaintiff's claims for race discrimination appear to be unsustainable on several bases, the Court will provide Plaintiff the opportunity to file an amended complaint that addresses the deficiencies identified by the Court. After the Court has reviewed Plaintiff's amended complaint, the Court will consider Plaintiff's appeal of the denial of her SSI and DIB claim.[8]

**III. Conclusion**

Plaintiff is afforded 20 days to file an amended complaint

---

statement of the grounds for the court's jurisdiction.").

[7] Fed. R. Civ. P. 8(a)(2) (a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (finding that a complaint should be dismissed if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face").

[8] If Plaintiff fails to timely file an amended complaint, the Court will still consider the substance of her appeal pursuant to 42 U.S.C. § 405(g).

regarding her race discrimination claims.  The decision on Plaintiff's appeal pursuant to 42 U.S.C. § 405(g) will be stayed.  An accompanying Order will be issued.

Date: July 16, 2019                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.